# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSE JUAN LOPEZ-LARA, ) | Civil Action No. 9:09-574-RBH-BM |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | |
| JOHN OWENS, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| _____ ) | |

This Petition for a writ of habeas corpus was filed on March 4, 2009,[1] pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on May 6, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on May 7, 2009, advising Petitioner of the importance of a dispositive motion and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

On June 3, 2009, Petitioner filed a declaration and a motion to change venue. Petitioner then filed a motion for immediate release on June 24, 2009. Respondent filed a memorandum in opposition to a change of venue on June 30, 2009, and a memorandum in opposition to the motion for immediate release on July 13, 2009.

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

1



These matters are now before the Court for disposition.[2]

**Background**

On July 30, 1996, Petitioner, a native of Mexico, was ordered by an immigration judge to be removed from the United States. See Petition [Exhibit (transcript)].[3] Respondent represents, and the Petitioner does not dispute, that "[a] check of the Board of Immigration Appeals ("BIA") records reveals that [Petitioner] has not filed any appeal of the immigration judge's final order." See Memorandum in Support of Motion to Dismiss, p. 2. Therefore, the immigration judge's decision is a final decision.

In this Petition, Petitioner is attempting to challenge his deportation proceedings from 1996. At the time the petition was filed, Petitioner was in the custody of the Federal Bureau of Prisons ("BOP") serving a seventy-seven (77) month sentence for violation of 8 U.S.C. 1326, Illegal Alien Found in the United States, and his anticipated release date was June 13, 2009. See Respondent's Exhibit One (Sentry Report for Petitioner).[4] The record reflects that Petitioner was held from June 12, 2009 through June 18, 2009, by the BOP as an Immigration and Naturalization

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)["Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12 (b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."]

[4]Clark v. BASF Corp., 142 Fed.Appx. 659, 660 (4th Cir. June 15, 2005)[Court took judicial notice of various documents that were part of the public record from Plaintiff's previous actions.]; Cobin v. Hearst-Argyle Television, Inc., 561 F.Supp.2d 546, 550 (D.S.C. 2008)[Courts may consider public records when ruling on a motion to dismiss.]



Service ("INS") detainee. See Court Docket Nos. 15, 17( p. 1), and 18. On June 19, 2009, Petitioner was transferred into Immigration and Customs Enforcement ("ICE") custody; see Court Docket Nos. 17( p. 1), and 18; and Petitioner has now notified the Court that he has been deported and is in Mexico. See Court Docket No. 19.

## Discussion

The Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Petitioner filed this petition pursuant to 28 U.S.C. § 2241, seeking a reversal of his deportation order and to have his legal resident status restored. Petitioner also sought release from custody. However, because Petitioner has now been deported, Petitioner has been released and this part of his claim is moot. Cf. Mokarram v. U.S. Attorney General, No. 07-13660, 316 Fed.Appx. 949, 951 n. 5 (11th Cir. Mar. 2, 2009)[Finding that Petitioner's challenge to his detention was moot because he had already been deported]; Valentine v. Herron, No. 08-0901, 2009 WL 1457686 at **2 (N.D.N.Y. May 22, 2009)[same]. In any event, Petitioner does not dispute that he was transferred to ICE custody on June 19, 2009. While Petitioner argues that he was entitled to immediate release after June 12, 2009, when his federal sentence expired, the Respondent correctly points out that the Attorney General has ninety (90) days to remove an alien from the United States. 8 U.S.C § 1231(a)(3) & (6). Section 1231(a)(1)(B) provides:

3



> The removal period begins to run on the *latest* of the following:
> (I) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

See 8 U.S.C. § 1231(a)(1)(B)(Emphasis Added).

Section 1231(a)(3) & (6) also provides that at the conclusion of the ninety (90) day period, the alien may, in certain circumstances, be held in continued detention, or may be released under continued supervision. See 8 U.S.C. § 1231(a)(3) & (6). Accordingly, Petitioner was not entitled to immediate release.

With respect to Petitioner's challenge to his deportation order, although courts have disagreed about the need to show collateral consequences, such cases are generally not considered moot solely by reason of a party's deportation. See So v. Reno, 251 F.Supp.2d 1112, 1123 (E.D.N.Y. 2003) (citing see, e.g. United States v. Villamonte-Marquez, 462 U.S. 579, 581 n. 2 (1983)). "Deportation, like a criminal conviction, almost always entails adverse collateral legal consequences. While technically a civil proceeding and non-punitive, deportation is a harsh sanction that has long been recognized as more severe than many criminal penalties". Id., at 1121 (Citing Harisiades v. Shaughnessy, 342 U.S. 580, 594 (1952); Bridges v. Wixon, 326 U.S. 135, 147 (1945)); see also 8 U.S.C. § 1182(a)(9) (2002)[Non-citizens removed from the United States are barred from reentering for a number of years following their deportation].

However, even assuming the Petitioner's case is not rendered moot due to his deportation, the REAL ID Act of 2005 withdraws jurisdiction from the District Court on collateral attacks of removal matters. Accordingly, this Court lacks jurisdiction to consider the claims raised by the Petitioner.

4



> The REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, amended 8 U.S.C. § 1252 to provide that '[n]otwithstanding any other provision of law . . . , including section 2241 of title 28, . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C.A. § 1252(a)(5)(West 2005); see Fernandez v. Keisler, 502 F.3d 337, 346 (4th Cir. 2007)[finding that REAL ID act eliminated access to habeas corpus for purposes of challenging a removal order.")

Campblin v. Chertoff, No. 07-7434, 2008 WL 2337477 at **1 (4th Cir. June 9, 2008).

In his Motion for Change of Venue, Petitioner acknowledged that this court is without jurisdiction and requested that the case be transferred to the Fourth Circuit Court of Appeals. While there is a provision in the REAL ID act that allows a district court to transfer to the Court of Appeals any action that was pending on its effective date (May 11, 2005), Petitioner's habeas petition was not pending on that date. "A petition under § 2241 filed in a district court after that date . . . must be dismissed; it can neither be entertained nor transferred. See 8 U.S.C. § 1252(a)(5)(as amended by the REAL ID Act)." Xiu Yan Chen v. Gonzales, 435 F.3d 788, 790 (7th Cir. 2006); citing also Medellin-Reyes v. Gonzales, 435 F.3d 721, 723-724 (7th Cir. 2006)["The REAL ID Act allows otherwise-untimely review by a court of appeals of a petition for habeas corpus that was pending in a district court on May 11, but '[c]ollateral proceedings file don or after May 11 . . . [must] be dismissed outright; the window for belated judicial review has closed.'"]; Cf. Campblin v. Chertoff, No. 07-7434, 2008 WL 2337477 at **1. Therefore, Petitioner's request to transfer this case should be denied.

## Conclusion

Based on the foregoing, it is recommended that Petitioner's motion for change of venue be **denied**, that the Respondent's motion to dismiss be **granted**, and that the Petition be **dismissed,** without prejudice.

5



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 19, 2009

Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

